UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHAEL STINSON,
    *Plaintiff*,

v.

MICHAEL TEIXEIRA,
    *Defendant*.

No. 3:20-cv-704 (VAB)

**RULING AND ORDER ON MOTION TO AMEND**

On May 21, 2020, Michael Stinson ("Plaintiff" or "Mr. Stinson") filed his Complaint naming Saint Vincent's Hospital, the Bridgeport Police Department, Dr. John Doe 1, Hospital Security Guard John Doe 2, Hospital Security Guard John Doe 3, Hospital Security Guard John Doe 4, and Bridgeport Police Officer John Doe 5 as Defendants. The allegations asserted against the Defendants arise from an incident that occurred on March 18, 2018, at Saint Vincent's Hospital in Bridgeport, Connecticut.

In its Initial Review Order, the Court dismissed all claims except for the Fourteenth Amendment claim of deliberate or reckless indifference to medical needs against Police Officer John Doe 5, who was identified as Officer Michael Teixeira ("Defendant" or "Officer Teixeira").

On September 29, 2023, Officer Teixeira moved to amend his Answer to add the defense of qualified immunity. *See* Mot. to Amend/Correct, ECF No. 41 ("Mot"); Mem. of L. in Support of Request for Leave to Amend, ECF No. 41-1 ("Mem."). For the following reasons, the Court **GRANTS** Officer Teixeira's motion for leave to amend his Answer.

The Proposed Amended Answer, ECF No. 41-2, will become the operative answer. Consistent with the Court's "inherent authority to manage [its] dockets and courtrooms with a view toward the efficient and expedient resolution of cases," *Dietz v. Bouldin*, 579 U.S. 40, 47

(2016), the Court will keep all pending deadlines, as well as the trial ready date of September 3, 2024, unless, in light of this Ruling and Order, Mr. Stinson seeks to amend the current scheduling order.[1]

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual Allegations

The Court assumes familiarity with the factual background of the case. *See* Initial Review Order, ECF No 12 (June 6, 2023).

### B. Procedural Posture

On March 11, 2020, Mr. Stinson filed his Complaint. Compl., ECF No. 1.

On June 6, 2022, the Court entered its Initial Review Order. Initial Review Order, ECF No. 12.

On November 28, 2022, Officer Teixeira filed his Answer. Answer, ECF No. 29.

On November 29, 2023, Officer Teixeira moved to amend his Answer. Mot.

On October 6, 2023, Mr. Stinson filed an objection to the motion to amend. Obj. re Mot. to Amend, ECF No. 42 ("Obj.").

Also on October 6, 2023, Officer Teixeira filed a reply to the objection. Response re Objection, ECF No. 43 ("Reply").

Throughout the litigation of this case, the Court has granted over ten (10) motions for extension of time. *See* Order, ECF No. 66; Order, ECF No. 61; Order, ECF No. 56; Order, ECF No. 47; Order, ECF No. 45; Order, ECF No. 40; Order, ECF No. 38; Order, ECF No. 36; Order, ECF No. 34; Order, ECF No. 24; Order, ECF No. 22.

---

[1] Officer Teixeira has indicated he will not be moving for summary judgment, *see* Notice, ECF No. 67 (date), but to the extent that Mr. Stinson requires more time as a result of this Ruling and Order, he may file a motion for an extension of time, specifying what, if any, further discovery will be needed, and the additional time necessary to complete it.

## II.  STANDARD OF REVIEW

Rule 15 of the Federal Rules of Civil Procedure provides that a party may either amend once as a matter of course within twenty-one days of service or the earlier of twenty-one days after service of a required responsive pleading or motion under Rule 12(b), (e) or (f). Fed. R. Civ. P. 15(a)(1) ("Rule 15"). Once that time has elapsed, a party may move for leave to file an amended pleading. Fed. R. Civ. P. 15(a)(2). The "court should freely give leave when justice so requires." *Id*.

The decision to grant leave to amend under Rule 15 is within the discretion of the court, but the court must give some "justifying reason" for denying leave. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Reasons for denying leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . . ." *Id*.; *see also Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (noting leave to amend may be denied when amendment is "unlikely to be productive," such as when an amendment is "futile" and "could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)").

"While the party seeking to amend its pleading must explain any delay, the party opposing the amendment 'bears the burden of showing prejudice, bad faith, and futility of the amendment.'" *United States ex rel. Raffington v. Bon Secours Health Sys., Inc.*, 285 F. Supp. 3d 759, 766 (S.D.N.Y. 2018) (quoting *Grant v. Citibank (S.D.), N.A.*, No. 10-CV-2955 (KNF), 2010 WL 5187754, at *6 (S.D.N.Y. Dec. 6, 2010)).

If a scheduling order is in place that establishes a deadline for seeking leave to amend, the lenient standard under Rule 15(a), "must be balanced against the requirement under Rule

3

16(b) that the Court's scheduling order shall not be modified except upon a showing of good cause." *Holmes v. Grubman*, 568 F.3d 329, 334–35 (2d Cir. 2009) (internal quotation marks and citation omitted); *see also* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

If a court determines that good cause to change court-ordered deadlines exists, then should court apply the liberal standards of Rule 15. *See Ahmed v. Astoria Bank*, No.14-CV-4595 (JBW), 2015 WL 4394072, at *2 (E.D.N.Y. July 16, 2015) ("[T]he issue of whether plaintiff has satisfied the liberal standard of Rule 15(a) of the FRCP need not be reached unless plaintiff first establishes 'good cause' under Rule 16 for amending her pleading after the court-ordered deadline."). Under Rule 15, the Court should grant leave to amend "absent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility." *Monahan v. New York City Dep't of Corrs.*, 214 F.3d 275, 283 (2d Cir. 2000) (citation *Foman*, 371 U.S. at 382).

### III. DISCUSSION

#### A. The Scheduling Order

If a scheduling order is in place that establishes a deadline for seeking leave to amend, the lenient standard under Rule 15(a) "must be balanced against the requirement under Rule 16(b) that the Court's scheduling order shall not be modified except upon a showing of good cause." *Holmes*, 568 F.3d at 334–35 (internal quotation marks and citation omitted); *see also* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

The 26(F) Report in this case did not include dates for amended pleadings. *See* Report of Rule 26(f) Planning Meeting, ECF No. 31 (Jan. 20, 2023). In fact, it appears the dates may have been inadvertently left out:

> 1. Plaintiff should be allowed until **N/A** to file motions to join additional parties and/or amend the pleadings. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules, a showing of good cause for the delay.
>
> 2. Defendant should be allowed until **N/A** to file motions to join additional parties. Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules, a showing of good cause for the delay.

*Id.* at 4 (emphasis added).

In turn, the Court's Scheduling Order, which was in part "based on the parties' Rule 26(f) Report" did not include any deadline for amended pleadings. *See* Initial Scheduling Order, ECF No. 32 (Jan. 22, 2023). In addition, the Court granted Mr. Stinson's Fourth Motion for Extension of Time, ECF No. 60 (Jan. 30, 2024), and it adopted all of Mr. Stinson's proposed deadlines.[2] *Id.* at 2; *see also* Order, ECF No. 61 (Jan. 31, 2024).

Accordingly, as no deadlines were ever set for amended pleadings, the Court will apply "the liberal standards of Rule 15." *Sparrow Fund Mgmt. LP*, 2021 WL 12101061, at *2 (citing *Ahmed*, 2015 WL 4394072, at *2).

### B. Leave to Amend the Answer

"Leave to amend under Rule 15(a) is to be 'freely given' and a motion for leave should be granted in the absence of undue delay, bad faith, dilatory motive, repeated failure to cure, undue prejudice, or futility." *Foman*, 371 U.S. at 182; *see also Monahan*, 214 F.3d at 283

---

[2] The only proposed date that the Court did not adopt was the trial ready date, which was requested for September 1, 2024, and the Court set it for September 3, 2024. *See* ECF No. 60 at 2.

5

("absent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility, Rule 15's mandate must be obeyed.").

Here, Officer Teixeira seeks leave to amend his affirmative defense to including the following addition defenses:

> • **Second Proposed Affirmative Defense**: The actions and conduct of Officer Teixeira, to the extent they occurred as alleged, were objectively reasonable under the circumstances of which he was aware, and he enjoys qualified immunity from all liability.
>
> • **THIRD Proposed Affirmative Defense**: The actions and conduct of Officer Teixeira did not violate any clearly established constitutional or federal statutory right of which he reasonably should have been aware, and he is therefore entitled to qualified immunity.

Mem. at 3.

Officer Teixeira argues that he has not acted in bad faith and failure to plead qualified immunity defenses was inadvertent. *Id*. at 2–3 (counsel "realized that the affirmative defenses of qualified immunity was inadvertently left out"). Officer Teixeira also argues that Mr. Stinson will not be unduly prejudiced because the additional defenses will not require any additional discovery or trial preparation. *Id*. at 4.

Mr. Stinson argues that "Defendant's request comes over five (5) years after the incident and nearly three and a half (3.5) years since the initiation of this lawsuit" and leave to amend would be unduly prejudicial. Obj. at 1. He also argues that Officer Teixeira has failed to show good cause for amending the Scheduling Order. *Id.*

In his Reply, Officer Teixeira argues that the "proposed affirmative defenses of qualified immunity do not require the introduction of new or novel factual allegations." Reply at 1–2.

The Court agrees with Officer Teixeira.

No showing or allegations of bad faith or dilatory motive have been made. The proposed amendments to the Answer do not add or change any of the underlying factual allegations, so Mr. Stinson will not be unduly prejudiced. Finally, as to Mr. Stinson's argument that Officer Teixeira has not shown good cause to amend the Scheduling Order, as discussed above, no deadlines for amended pleadings were ever set—and the Court has also granted Mr. Stinson multiple extensions of time—so only Rule 15's lenient standard applies.

Accordingly, the Court will grant Officer Teixeira's motion for leave to amend his Answer.

## IV. CONCLUSION

For the reasons described above, the Court **GRANTS** Officer Teixeira's motion for leave to amend his Answer.

The Proposed Amended Answer, ECF No. 41-2, will become the operative Answer. Consistent with the Court's "inherent authority to manage [its] dockets and courtrooms with a view toward the efficient and expedient resolution of cases," *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016), the Court will keep all pending deadlines, as well as the trial ready date of September 3, 2024, unless, in light of this Ruling and Order, Mr. Stinson seeks to amend the current scheduling order.

**SO ORDERED** at New Haven, Connecticut, this 7th day of June, 2024.

    /s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE