UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHAEL STINSON,
    *Plaintiff*,

v.

MICHAEL TEIXERIA,
    *Defendant(s)*.

No. 3:20-cv-0704 (VAB)

**RULING AND ORDER ON MOTIONS IN LIMINE**

Michael Stinson ("Plaintiff") has sued Michael Teixeira ("Defendant") alleging a Section 1983 claim of deliberate or reckless indifference to medical needs in violation of the Fourteenth Amendment.

Mr. Stinson has filed a motion *in limine* to preclude the introduction of one prior misdemeanor conviction and six prior felony convictions. Mot. *in Limine,* ECF No. 74 (Oct. 1, 2024).

Mr. Teixeira has filed an opposition to the motion *in limine* and seeks to admit all prior convictions. Memo. in Opp., ECF No. 76 (Oct. 11, 2024).

For the following reasons, Mr. Stinson's motions *in limine* are **GRANTED in part, and DENIED in part**, without prejudice to renewal during the trial.

Any evidence related to Mr. Stinson's misdemeanor conviction will not be admitted.

Any evidence related to his past felony convictions from 1991, 2001, and 2013 will not be admitted.

Evidence related to his felony convictions from 2019 and 2021, however, may be admissible at trial, depending on the context in which they arise, and therefore, no definitive

ruling will be made at this time. To the extent that such a circumstance arises, Mr. Stinson may renew his motion at that time.

The Court's rulings, however, are "subject to change when the case unfolds, particularly if the actual testimony differs from what was [expected]." *Luce v. United States*, 469 U.S. 38, 41 (1984).

I.      FACTUAL AND PROCEDURAL BACKGROUND

   A.  Factual Allegations

On March 17, 2018, Mr. Stinson was allegedly involved in a motor vehicle accident and sought medical treatment at St. Vincent's Medical Center in Bridgeport, Connecticut. Joint Trial Memo., ECF No. 73, at 3 (Oct. 1, 2024) ("Trial Memo.").

When doctors allegedly refused to examine Mr. Stinson, an altercation broke out that allegedly led to Mr. Stinson being punched in the face, put in a choke hold, and restrained on the floor by hospital security. *Id.* As a result of the altercation, Mr. Stinson allegedly had visible contusions on his head, a severe headache, and was dizzy and nauseous. *Id.*

Mr. Teixeira was called to the scene and escorted Mr. Stinson to the Bridgeport Police Station. *Id.* While Mr. Stinson was in custody, he allegedly asked Mr. Teixeira for medical treatment and was denied. *Id.*

   B.  Procedural History

On May 21, 2020, Mr. Stinson filed a *pro se* Complaint against the Bridgeport Police Department, Saint Vincent's Hospital, an unnamed doctor at the hospital, several unnamed hospital security guards, and Mr. Teixeira, alleging various constitutional violations related to the events that occurred at the hospital and thereafter. Compl., ECF No. 1 (May 21, 2020).

On June 6, 2022, an Initial Review Order dismissed all claims except the Fourteenth Amendment claim for reckless or deliberate indifference to medical needs against Mr. Teixeira. Initial Review Order, ECF No. 12 (June 6, 2022).

On August 8, 2022, Mr. Stinson filed a motion to appoint counsel. ECF No. 16 (Aug. 16, 2022).

On August 10, 20222, the Court granted Mr. Stinson's motion to appoint counsel, Order, ECF No. 17 (Aug. 10, 2022), and appointed counsel two days later, Order Appointing Counsel, ECF No. 19 (Aug. 12, 2022).

On November 28, 2022, Mr. Teixeira filed an Answer to the Complaint. ECF No. 29 (Nov. 28, 2022).

On October 1, 2024, Mr. Stinson filed this motion *in limine* and a memorandum in support. Mot. *in Limine*, ECF No. 74 (Oct. 1, 2024); Memo. in Supp., ECF No. 74-1 (Oct. 1, 2024) ("Memo. in Supp.").

On October 11, 2024, Mr. Teixeira filed a memorandum in opposition to Mr. Stinson's motion *in limine*. Memo. in Opp., ECF No. 76 (Oct. 11, 2024) ("Memo. in Opp.").

## II.    STANDARD OF REVIEW

Motions *in limine* provide district courts with the opportunity to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *See Luce*, 469 U.S. at 40 n.2; *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). "A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions *in limine*." *Highland Cap. Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008) (citing *Luce*, 469 U.S. at 41 n.4).

A court should exclude evidence on a motion *in limine* only if the evidence is "clearly inadmissible on all potential grounds." *Levinson v. Westport Nat'l Bank*, No. 3:09-cv-1955 (VLB), 2013 WL 3280013, at *3 (D. Conn. June 27, 2013) (internal quotation marks omitted). The court also retains discretion to "reserve judgment until trial, so that the motion is placed in the appropriate factual context." *In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, 643 F. Supp. 2d 471, 476 (S.D.N.Y. 2009) (internal quotation marks omitted).

## III.   DISCUSSION

Federal Rule of Evidence 404(b) prohibits the admission of crimes, wrongdoings, or other acts to "prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(b)(1). Under Rule 609, evidence of a criminal conviction can be used, however, in specific cases to impeach a witness. *See* Fed R. Evid. 609(a) ("The following rules apply to attacking a witness's character for truthfulness by evidence of criminal conviction . . . .").

Under Rule 609, crimes "punishable by death or by imprisonment of more than one year" can be admitted subject to Rule 403, and all convictions, including those for misdemeanors, can be admitted if the crime involves a "dishonest act or false statement," Fed. R. Evid. 609(a)(1)–(2). In all cases, Federal Rule of Evidence 403 requires the Court to exclude evidence "if its probative value is substantially outweighed by the danger of one of more of the following: unfair prejudice, confusing the issues, or misleading the jury, undue delay, wasting of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

Mr. Stinson argues that Mr. Teixeira should be precluded from offering any evidence of his prior misdemeanor and felony convictions under Rule 609. Specifically, Mr. Stinson argues that the misdemeanor is not a crime of dishonesty admissible under Rule 609(a)(2); that his 23-

year-old firearm conviction is not admissible under Rule 609(b); and that prejudice to him outweighs any probative value in the introduction of his other five felonies.

Mr. Teixeira argues that that Mr. Stinson's misdemeanor conviction was a crime involving dishonesty that is admissible under Rule 609(a)(2), and that the probative value of the introduction of his felony convictions outweighs any potential prejudice, including for the 23-year-old conviction.

The Court considers each argument in turn.

### A. The Misdemeanor Conviction

Under Rule 609(a)(2) evidence of a misdemeanor conviction is only admissible "if the court can readily determine that establishing the elements of the crime requiring proving—or the witness's admitting—a dishonest act or false statement." Fed. R. Evid. 609(a)(2); *see also United States v. Estrada*, 430 F.3d 606, 615–16 (2d Cir. 2005) ("[E]vidence of convictions for crimes involving 'dishonesty or false statement,' whether felonies or misdemeanors, must be admitted under Rule 609(a)(2) as being per se probative of credibility . . . ."). Crimes admissible under Rule 609(a)(2) must be "'peculiarly probative of credibility' such as those for 'perjury, or subornation of perjury, false statement, criminal fraud, embezzlement, or false pretense, or any other offense in the nature of crimen falsi, the commission of which involves some element of deceit, untruthfulness, or falsification bearing on the accused's propensity to testify truthful.'" *United States v. Hayes*, 553 F.2d 824, 827 (2d Cir. 1977) (citations omitted); *see also Estrada*, 430 F. 3d at 614 ("While much successful crime involves some quantum of stealth, all such conduct does not, as a result, constitute crime of dishonesty or false statement for purposes of Rule 609(a)(2).").

Mr. Stinson wishes to exclude evidence of his prior conviction of misuse of motor vehicle registration under Conn. Gen. Stat. § 14-147(c).

Mr. Teixeira argues that Mr. Stinson's vehicle registration conviction is admissible because it "involves a dishonest of untruthful act" as those who have been convicted have used "false plates and/or false registration papers." Opp. at 7–8.

The Court disagrees.

Connecticut General Statutes § 14-147(c) provides:

> (c) No person shall use any motor vehicle registration or operator's license other than the one issued to him by the commissioner, except as provided in section 14-18; and no person shall use a motor vehicle registration on any motor vehicle other than that for which such registration has been issued. Any person who violates any provision of this subsection shall be fined not more than one hundred dollars or imprisoned not more than thirty days or both.

Conn. Gen. Stat. § 14-147(c) (effective 1967–2018).

The statute does not require proving a dishonest act—for example, that an individual used or created fraudulent or counterfeit plates—to be convicted.[1]

Instead, 14-147(c) is used to criminalize behavior akin to driving without a valid license or registration. *See, e.g.*, *Connecticut v. Knight*, 7 A.3d 425, 427 (Conn. App. 2010) (conviction under § 14-147(c) for driving a truck "with an improper passenger class marker" on the license plate). This is not a crime that is "peculiarly probative of credibility," *Hayes*, 553 F.2d at 827, and therefore not a misdemeanor admissible under Rule 609(a)(2). *Cf. Lugo v. City of New York*,

---

[1] The Court notes that the Connecticut statutes contain a separate provision for counterfeit or fraud license plates, of which Mr. Stinson was not convicted. *See* Conn. Gen. Stat. § 14-147(a) (effective 1967–2018) (criminalizing "any person who counterfeits any number plate or marker . . . or who counterfeits or in any manner alters any motor vehicle registration or operator's license, and any person who gives, loans or sells any such counterfeited or altered number plate, marker, motor vehicle registration or operator's license").

6

No. 14-cv-7185, 2018 WL 11466167, at *3 (S.D.N.Y. July 13, 2018) (finding that driving with a suspended license was not a crime of dishonesty); *Daniels v. Loizzo*, 986 F. Supp. 245, 249 (S.D.N.Y. 1997) (finding that the unauthorized use of a vehicle was not a crime of dishonesty).

Accordingly, the motion *in limine* will be granted with respect to Mr. Stinson's misdemeanor conviction.

### B. The Felony Convictions

"In balancing the probative value against the prejudicial effect under [Rule 609(a)(1)], courts examine the following factors: (1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, and (4) the importance of the credibility of the witness." *Stephen v. Hanley*, No. 03- CV-6226 (KAM) (LB), 2009 WL 1471180, at *4 (E.D.N.Y. May 21, 2009) (citing *Daniels v. Loizzo*, 986 F. Supp. 245, 250 (S.D.N.Y. 1997)).

If "more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later," evidence of the conviction is admissible only if "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b). In general, "'convictions over 10 years old [should] be admitted very rarely and only in exceptional circumstances,' as 'convictions over ten years old generally do not have much probative value.'" *United States v. Brown*, 608 F. Supp. 2d 306, 313 (E.D.N.Y. 2009) (quoting Fed. R. Evid. 609(b) advisory committee's note); *see also Zinman v. Black & Decker, Inc.*, 983 F.2d 431, 434 (2d Cir. 1993) ("We have recognized that Congress intended that convictions over ten years old be admitted 'very rarely and only in exceptional circumstances.'" (citations omitted)).

Here, Mr. Stinson wishes to exclude six different felony convictions:

>March 25, 2019 Conviction for Assault (53a-167c; Class C Felony)
>
>November 19, 2021 Conviction for Criminal Weapon Possession (53a-217; Class C Felony)
>
>April 12, 2013 Conviction for Sale of Hallucinogen/Narcotic (21a-277(a); Unclassified Felony)
>
>February 26, 2013 Conviction for Sale of Hallucinogen/Narcotic (21a-277(a); Unclassified Felony)
>
>March 26, 2001 Conviction for Stealing Firearm (53a-212; Class D Felony)
>
>May 10, 1991 Conviction for First Degree Manslaughter (53a-55a; Class B Felony)
>
>Memo. in Supp. at 6.

Mr. Stinson argues that the prejudicial effect of admission for each of these convictions outweighs any probative value. Additionally, Mr. Stinson argues that the introduction of the 2001 firearm conviction should be further limited under Rule 609(b).

The Court agrees, at this time.

Mr. Stinson's credibility is particularly important to this case, as the parties present widely divergent stories of what happened during the hospital visit and trip to the police station thereafter. This weighs in favor of admittance. Mr. Teixeira has not demonstrated, however, the probative value of the convictions to outweigh the risk of prejudice at this time.

First, as to the impeachment value, none are crimes involving dishonesty or false statements, or tend to show a potential for dishonesty. *See Vega v. Rell*, (finding limited probative value when "plaintiff was convicted of drug and assault offenses, rather than fraud, larceny, embezzlement, obstruction, perjury or other like offenses involving dishonesty or untruthfulness"). Furthermore, there is no evidence that any are "crimes of stealth" that "while not quite crimes of dishonesty or false statement, do reflect lack of credibility." *Estrada*, 430 F.

3d at 618 (internal quotation marks and citations omitted); *see, e.g.*, *Ridge v. Davis*, 639 F. Supp. 3d 465, 474 (finding that burglary was a crime of stealth probative of truthfulness when witness "surreptitiously entered the bungalows in an attempt to avoid detection"); *see also Olutosin v. Gunsett*, No. 14-cv-00685 (NSR), 2019 WL 5616889, at *9 (S.D.N.Y. Oct. 31, 2019) ("[C]rimes of force, *i.e.* arson, burglary, armed robbery, illegal possession of a firearm, and assault and battery are not particularly probative of credibility for purposes of Rule 609. (internal quotation marks and citations omitted)).

Additionally, the 1991, 2001, and both 2013 convictions occurred over ten years ago. Since the "probative value of a conviction decreases as its age increases," these crimes have little, if any probative value. *Franko v. Farrell*, No. 3:17-CV-1558 (RMS), 2019 WL 1772400, at *3 (D. Conn. Apr. 23, 2019) (internal quotation marks and citations omitted); *see also Orr v. Shea*, No. 3:17-cv-00788 (VAB), 2012 WL 1946381, at *9 (D. Conn. May 14, 2021) ("[C]onvictions [which] took place over ten years ago . . . likely provide[d] no meaningful probative value[.]").

While unrelated to a crime that may suggest dishonesty, the 2019 and 2021 convictions are less remote.

Additionally, Mr. Teixeira argues that the conduct underlying the 2019 and 2021 convictions is sufficiently dissimilar to the issues in this case to reduce any prejudice to Mr. Stinson. Memo. in Opp. at 5; *see also Daniels*, 966 F. Supp. at 250 ("The third criteria, the dissimilarity of the conduct at issue and the conviction, weighs in favor of introducing the evidence.").

The primary issues in the case involve Mr. Teixeira's knowledge of Mr. Stinson's injuries and his alleged refusal to provide medical care. The 2019 assault and 2021 weapons

possession convictions are unrelated to these issues. *Cf. Franko*, 2019 WL 1772400, at *3 (finding that kidnapping conviction was unrelated to claim of deliberate indifference to medical needs, and therefore admissible). The events leading up to Mr. Stinson's arrest, however, involve his restraint and an alleged altercation between Mr. Stinson and hospital security. *See* Trial Memo. at 3. There is thus some risk that the jury could take evidence of these convictions to be suggestive of Mr. Stinson's propensity for violence, rather than related to potential dishonesty. *See, e.g.*, *Twitty v. Ashcroft*, No. 3:04-cv-410 (DFM), 2010 WL 1677757, at *2 ("The court is persuaded that the jury is likely to draw the inference from the nature of plaintiff's convictions that he has the propensity to engage in violent behavior."). And, Mr. Teixeira has not made a strong enough showing of the impeachment value of the 2019 and 2021 convictions to outweigh the risk of confusing the jury.

Accordingly, the motion *in limine* with respect to the felony convictions from 1991, 2001, and 2013 will be granted and the motion *in limine* with respect to the felony convictions from 2019 and 2021 will be denied, for now, without prejudice to renewal during the trial.

### IV.    CONCLUSION

For the foregoing reasons, Mr. Stinson's motions *in limine* are **GRANTED in part, and DENIED in part**, without prejudice to renewal during the trial.

Any evidence related to Mr. Stinson's misdemeanor convictions will not be admitted.

Any evidence related to his past felony convictions from 1991, 2001, and 2013 will not be admitted.

Evidence related to his felony convictions from 2019 and 2021, however, may be admissible at trial, depending on the context in which they arise, and therefore, no definitive

ruling will be made at this time. To the extent that such a circumstance arises, Mr. Stinson may renew his motion at that time.

The Court's rulings, however, are "subject to change when the case unfolds, particularly if the actual testimony differs from what was [expected]." *Luce*, 469 U.S. at 41.

**SO ORDERED** at New Haven, Connecticut, this 10th day of December, 2024.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE